IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAR 28 2013
J T NOBLIN, CLERK
BY_____ DEPUTY

**JEFFREY ADAM JOHNSON**                                                                 PLAINTIFF

V.                                                         CIVIL ACTION NO. 5:13 CV 45 KS-MTP

**MAGNOLIA MARINE TRANSPORT COMPANY**                                           DEFENDANT

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff, Jeffrey Adam Johnson, who files this Complaint against the Defendant, Magnolia Marine Transport Company, and for cause of action would show the Court the following:

1. The Plaintiff is an adult resident citizen of Walthall County, Mississippi.

2. The Defendant, Magnolia Marine Transport Company, is a corporation, organized and existing under the laws of the State of Mississippi whose agent for service of process is Kathryn W. Stone, 2829 Lakeland Drive (Flowood), Jackson, Mississippi 39215-1308.

3. At all pertinent times herein, the Plaintiff, Jeffrey Adam Johnson, was employed by the Defendant as a seaman aboard the tugboat "Gene Neal," operating on the navigable waters of the United States, which tugboat was and is owned and operated by the Defendant. The Defendant maintains and operate port facility for the tug-boat "Gene Neal" in the port at Vicksburg, Warren County, Mississippi. The Plaintiff reported for work to the Vicksburg facility, which is located in the Western Division.

4. On August 9, 2011, the Plaintiff, Jeffrey Adam Johnson, was employed by Defendant aboard the tug-boat "Gene Neal" as a member of its crew, while said tugboat was located on navigable water of the United States, specifically the Ohio River, near Gallipolis, Ohio.

5. There was, and remains, is effect and force, an Act of Congress, known as The Merchant Marine Act. approved by Congress June 5, 1920, Section 33 commonly known as The Jones Act. (46 U.S.C.A. 88, et seq.), which Act is applicable hereto.

That by reason of the employment of the Plaintiff aboard the tugboat aforementioned, he is entitled to maintain this action against the Defendant under the provisions of the Jones Act.

6. On or about August 9, 2011, the Plaintiff was ordered by agents of Defendant to assist on docked barge of the Defendant. As Plaintiff was attempting to hook hoses as he was instructed, he fell between two barges.

7. The Plaintiff had been ordered to work without proper equipment and without proper assistance to perform his duties.

That the Defendant and its servants, employees, supervisors, officers or agnets were negligent in their failure to provide the Plaintiff with a safe place to work, proper tools with which to perform assigned tasks, and a competent crew to assist him.

8. That the aforementioned accident and resulting injury were due solely to the negligence of the Defendant, its agents, servants, employees and officers; negligence of its officers aboard the vessel, and the negligence of the Defendant for its failure to take necessary precautions for the safety of the Plaintiff; and the Defendant's negligence for failure to provide the Plaintiff with a reasonable safe place to work.

9. The Plaintiff has sustained severe injuries, and his present disabilities are all proximately related to the accident described hereinabove, and he suffers and continues to suffer.

The Defendant breached its duty and was negligent in the following particulars:

(a) For failing to provide Plaintiff with a safe place to work;

(b) For ordering Plaintiff to perform an assigned task for which he had been given no training or supervision;

 (c) For failing to provide Plaintiff with an adequately equipped and maintained vessel;

 (d) For failing to assign a sufficient number of crew members to perform the task;

 (e) For failing to properly supervise and instruct their employees;

 (f) For failure to provide a guard rail, or obstruction around and where Plaintiff was directed to work; and

 (g) Other acts of negligence to be proved at the trial of this cause.

That, as a direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered injuries and damages in an amount to be shown at trial.

WHEREFORE, Plaintiff demands judgment of and from the Defendant, Magnolia Marine Transport Company, for actual damages in an amount to be shown at trial.

       Respectfully submitted,

       JEFFREY ADAMS JOHNSON

       BY: DOWDY COCKERHAM & WATT

       _____
       OF COUNSEL

DUNBAR WATT MSB #102868
DOWDY COCKERHAM & WATT
ATTORNEYS AT LAW
215 East Bay Street
Post Office Box 30
Magnolia, Mississippi 39652
(601) 783-6600